**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4047**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

DANIEL APARICIO LARA,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:12-cr-00313-TDS-1)

_____

Submitted:  October 28, 2013      Decided:  November 12, 2013

_____

Before DUNCAN, KEENAN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Beth M. Farber, Harris O'Brien, New York, New York, for Appellant.  Ripley Rand, United States Attorney, Randall Galyon, Assistant United States Attorney, Greensboro, North Carolina; Mythili Raman, Acting Assistant Attorney General, Denis J. McInerney, Acting Deputy Assistant Attorney General, James S. Yoon, Hope S. Olds, Christina Giffin, Courtney B. Schaefer, Christopher J. Smith, U.S. DEPARTMENT OF JUSTICE, Washington, DC, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Aparicio Lara pled guilty to one count of conspiracy to possess, produce, and transfer identification documents, 18 U.S.C. § 1028(f), (b)(1) (2006) (Count One), and one count of aggravated identity theft, 18 U.S.C. § 1028A(a)(1), (c) (2006) (Count Thirty-Three). The probation officer recommended, in pertinent part, a four-level enhancement under U.S. Sentencing Guidelines Manual USSG § 3B1.1(a) (2012) on the ground that Lara was a leader or organizer of a criminal activity that involved five or more participants or was otherwise extensive. The district court overruled Lara's objection to the four-level enhancement and ultimately sentenced Lara within the Guidelines range to forty-two months on Count One and a mandatory consecutive term of twenty-four months on Count Thirty-Three.

On appeal, Lara's sole challenge is to the four-level leadership enhancement. We review sentences for procedural and substantive reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). Miscalculation of the Guidelines range is a significant procedural error. Id. A defendant qualifies for a four-level adjustment if he "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a). The district court's

2

determination that a sentencing enhancement is warranted is a factual determination reviewed for clear error. United States v. Thorson, 633 F.3d 312, 317 (4th Cir. 2011) ("Because the district court's findings as to whether Thorson was an organizer or leader are factual in nature, we reverse only if the district court's findings are clearly erroneous."); United States v. Slade, 631 F.3d 185, 188 (4th Cir. 2011). Reversal for clear error is warranted only where this court is left with the "definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008) (internal quotation marks omitted).

Factors distinguishing a leadership or organization role from lesser roles include:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

USSG § 3B1.1, cmt. n.4; United States v. Cameron, 573 F.3d 179, 184 (4th Cir. 2009). The leadership enhancement "is appropriate where the evidence demonstrates that the defendant controlled the activities of other participants or exercised management responsibility." Slade, 631 F.3d at 190 (internal quotation marks omitted). The facts establishing the enhancement must be supported by a preponderance of the evidence. Harvey, 532 F.3d

3

at 337. "Leadership over only one other participant is sufficient as long as there is some control exercised." <u>United States v. Rashwan</u>, 328 F.3d 160, 166 (4th Cir. 2003).

At sentencing, the district court made the following findings. Lara recruited at least one accomplice to assist him in obtaining fraudulent identity documents for his customers. Lara sold identity documents to his customers, directed his recruit to drive his customers to and from Missouri to obtain the documents, and paid his recruit about $200, while charging his customers $1700 to $2000 for the identity documents. The district court further found Lara also directed others in the conspiracy. Lara told the Puerto Rican conspirators where to send the documents, providing them specific addresses, and then directed others as to how to handle the documents.

Having reviewed the record, specifically the testimony presented at sentencing and the presentence report,[1] and the parties' arguments, we conclude that the district court's

---

[1] Although Lara objected to the probation officer's conclusion in the presentence report that he was a leader, Lara lodged no objections to the facts stated in the report, leaving the district court "free to adopt the findings of the [presentence report] without more specific inquiry or explanation." <u>United States v. Love</u>, 134 F.3d 595, 606 (4th Cir. 1998) (internal quotation marks omitted); <u>see also</u> Fed. R. Crim. P. 32(i)(3) (permitting district court to accept any undisputed portion of the presentence report as a finding of fact).

determination that Lara was a leader or organizer in "brokering the sale and delivery and arrangement" of fraudulent identification documents to various customers in the United States is adequately supported.[2]

Accordingly, we affirm Lara's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[2] Because we find no procedural error in the district court's imposition of the enhancement, we need not address the Government's argument that any procedural error was harmless.